| 8  | 391 |
|----|-----|
| 43 | 610 |
| 8  | 391 |
| 55 | 140 |

HYNES AND McCLEARY v. CARL F. JUNGREN.

1. EVIDENCE—*Practice; Improper Answer.* If a party desires to get rid of an improper answer to a proper question he must make a motion to strike it out; simply excepting to its being received, raises no question for the court to act upon.

2. OFFICER; *Duty in executing Process.* Where an order of arrest commands the officer to arrest the debtor and take him forthwith before the justice, the officer is not justified in arresting and confining him in jail.

3. TRESPASS; *Principal—Agent.* A principal employing an agent to do an illegal act is responsible for the injury done, whether the agent acts innocently or maliciously.

4. PRACTICE—*Saving exceptions; Error not presumed.* Where the record does not show that all the testimony is preserved, this court cannot say whether an instruction given was applicable, nor whether the damages are excessive.

### *Error from Davis District Court.*

FALSE IMPRISONMENT, brought by *Jungren* against *H. P. Hynes* and *Daniel McCleary.* The petition alleged that in June, 1870, the defendants "unlawfully assaulted, beat, and maltreated the plaintiff, and imprisoned and kept him in the jail of the city of Junction City for the space of thirty-six hours, without any reasonable or probable cause," etc. The defendants justified, alleging that *McCleary* was a constable, and that the imprisonment of plaintiff was upon and in obedience to an order of arrest duly issued in a certain civil action brought by H. P. Hynes and M. Stewart, as plaintiffs, against said Jungren as defendant. The case was tried at the September Term, 1870. *Jungren* proved the arrest and imprisonment, and that he was discharged on *habeas corpus.* Defendents gave in evidence the record of the case of "*Hynes & Stewart v. Jungren,*" brought and tried in a justice's court. The affidavit for the order of arrest, which was made by *Hynes,* wholly omitted the "statement of the facts" required by the last clause of § 18 of the justice's act. Other facts are sufficiently stated in the opinion. The jury found for the plaintiff, and assessed his damages at $550. New trial refused, and judgment on the verdict. *Hynes* and *McClarey* bring the case here by petition in error.

*Gillpatrick & Gilbert,* for plaintiffs in error:

1. The court erred in admitting the answer of Mrs Johnson, an unprofessional witness, as to the alleged pains and suffering of the plaintiff.

2. The court erred in his ruling in regard to the constable's keeping of the plaintiff before producing him before the justice. If Jungren was violent and in no condition to go before the court, the constable had a right to shut him up until he was in proper condition.

3. It was error also to hold Hynes responsible for illegal acts of the justice in the supposed commitment upon verbal order. He had no control over the action of the court or its officer; and if he employed an attorney he is presumed to have employed him only to seek his rights.

4. There was error in making Hynes responsible for willful and malicious conduct of the constable in the unlawful imprisonment of Jungren after judgment. McCleary was not Hynes' agent, but was a constable, the minister or officer of the law. 1 Metc., 34; 6 id., 111; 7 Cush., 385.

The principal is not responsible for the willful or malicious conduct of his agent. 17 N. Y., 365; 1 East, 106; 19 Wend., 343; 1 Hill, 480. Story's Agency, §§ 456 to 462.

5. The court erred as to the measure of damages. There was no evidence to justify the instructions as to *exemplary* damages; and the court makes no discrimination between the two defendants as to their different relations and degrees of liability; and the instructions allowed the jury to give exemplary damages against both defendants.

6. The damages are excessive. The verdict is not sustained by the evidence, since it is obvious that the jury must have regarded Hynes as being equally in fault in matters occurring after the judgment before the justice.

*McClure & Humphrey*, for defendant in error:

1. The answer of the witness, Mrs. Johnson, did not require professional knowledge and skill. The court simply permitted the witness to state facts within her own knowledge, and so expressly ruled.

2. It was the duty of the constable to have taken the defendant in error upon the order of arrest issued by the justice forthwith before said justice. Gen. Stat., page 779, §§ 22, 23; 2 Wait's Law and Practice, 116, 117; Hilliard on Rem. for Torts, 243, § 9. Defendant had a right to have his trial commence at once, or give bail, and thus avoid the pain and disgrace of incarceration; but without excuse he was thrust into the calaboose and kept there several hours.

25—8TH. KAS.

3. The manner of making the arrest was unnecessarily severe and violent, and afforded evidence of malice. Hynes participated both in making the arrest and in the imprisonment of defendant, and was equally guilty with McCleary; in fact McCleary acted as the agent and under direction of Hynes.

4. Hynes is responsible for illegal process issued by the justice at his suit and instance, and for wrongful imprisonment under such process. The law gave him the power to control the action of the justice in this respect: Gen. Stat., p. 780, § 26; 9 Johns., 117; 6 Wend., 597; 1 Hilliard on Torts, 227, 232; 2 id., 233, § 13. He is also responsible for the acts of his attorney; 7 Cowen, 251; 5 Hill, 242; 5 Duer, 122.

The imprisonment after judgment was clearly illegal. It was made without legal process, and by a person having no authority to make it.

The opinion of the court was delivered by

BREWER, J.: Jungren sued Hynes and McCleary for false imprisonment, and recovered a judgment of $550. The imprisonment was an arrest in a civil action for debt, made by McCleary as constable. In such action Hynes and one Stewart were plaintiffs, and Jungren defendant. Hynes was present and assisted the constable in making the arrest and conveying Jungren to jail. Several errors are alleged, of which the more important are these:

A Mrs. Johnson having testified that plaintiff, since the imprisonment, had been sick a good deal and unable to work,

1. Evidence; practice; improper answer.

was asked this question: "Do you know the reason why he could not work?" This question was objected to, and the objection overruled. The ground of the objection is not stated, and we see no sufficient ground for any. No exception is preserved in the record to this ruling. The witness answered that "plaintiff was sick and had soreness in the breast." The record then states that "the answer was received in the case, and the defendants excepted to the ruling of the court allowing this answer to be taken in evidence." The question being properly put to the

witness, her answer was evidence, and entitled to remain, unless a motion to strike it out was made. None such appears in the record. Even if the question was properly before us it seems doubtful whether the answer was objectionable, or, if objectionable, of sufficient importance to disturb the judgment. This is the only error claimed by counsel for plaintiff in error in regard to the reception or rejection of testimony. The other errors complained of are in the instructions of the court and the amount of the verdict.

The judge charged the jury that the original process in the hands of the constable justified him in making the arrest and obeying its commands. This to say the least was as favorable to plaintiffs as the facts would permit, inasmuch as the affidavit, a copy of which goes with the order of arrest, failed to show any reasons for a belief that Jungren fraudulently concealed property, or was about to abscond with intent to defraud his creditors. The order of arrest commanded the constable to arrest Jungren and bring him forthwith before the justice. Instead of so doing he, in conjunction with Hynes, carried him to the county jail, and kept him there for a part of a day before taking him to the justice. The excuse which they attempted to make on the trial in the district court was, that Jungren was intoxicated. In reference to this the learned judge charged the jury as follows: "This if true would be no justification to disobey the command of the writ and incarcerate the plaintiff in jail, and keep him there excluded from counsel and friends." This we think is correct. It was the duty of the constable to take his prisoner *forthwith* before the justice; and if the latter found him to be in such a condition as not to be able to protect his rights in court, he could make such order for his safe keeping, and for a postponement of the case, as should be right and proper. Counsel for plaintiffs in error object to the last clause in the instruction just quoted, and say there was no testimony tending to show that any friends or counsel of Jungren were prevented from seeing him while in jail. We understand the language of the court as referring to the necessary result of incarceration rather than

*Note: Margin note: "2. Officer; duty in executing process."*

to any effort to prevent the visits of counsel and friends. That amounts to an exclusion from friends, since communication with them is not at the will of the prisoner, but by permission of his jailor.

It appeared further in evidence that after judgment before the justice, the constable without any process, and upon simply

3. Trespass; principal; agent.

a verbal order of the justice, took Jungren and shut him up in jail, from which he was discharged upon *habeas corpus.* In reference to this, after instructing that detention by the constable was illegal, the court further charged the jury, "that if McCleary acted willfully and maliciously in the arrest and imprisonment of plaintiff, on a verbal order obtained by plaintiff or his attorney, after judgment rendered by the justice, Hynes would be liable also for such willful and malicious conduct of McCleary, acting as his agent." We think this instruction is correct. The question is not presented as to whether the principal is responsible where his agent, employed to do a lawful act, transcends such employment and does a willful and malicious wrong. For here the act which the principal procures the agent to do is illegal, and whether the agent acted innocently or maliciously the principal is responsible for the injury.

A very similar instruction was given in regard to Hynes' responsibility for the act of his attorney, but it is unnecessary to consider whether that instruction embodies a correct statement of the law, for it is entirely inapplicable to the case as

4. Where the record is incomplete no error will be presumed.

shown by the record. True, the record does not affirm that all the testimony, or indeed that all the instructions, are preserved, and there may have been testimony which called for an instruction in reference to the willful and malicious conduct of the attorney. But we can presume nothing, conjecture nothing. It is enough for us that none is disclosed. Nor can we see, even though the instruction be incorrect as an abstract statement of law, how it could have prejudiced the plaintiffs in error. Again, it is objected that the verdict is excessive. It does seem to us, upon the facts as presented, to be unreasonably large; but

there may have been other testimony tending to show a more aggravated case, and one which would require even a larger verdict than the one rendered. Other errors are complained of, but we deem it unnecessary to notice them. Judgment affirmed.

All the Justices concurring.