THE KANSAS FARMERS' FIRE INSURANCE COMPANY v. MARIA P. HAWLEY.

1. LEADING QUESTION—*Objection.* An objection to a question because it is leading does not raise the question as to whether such question is competent or not.

2.     · ——— *Immaterial Evidence.* The admission of evidence that does not materially prejudice the rights of a party is not sufficient ground for the reversal of a judgment.

3.   ·   ——— *Motion to Strike Out.* Where the answer to a proper question is objectionable, the remedy is by a motion to strike it out.

4. ERROR—*No Exception.* An error predicated upon alleged erroneous instructions, not excepted to, cannot be examined in this court.

*Error from Pratt District Court.*

THE facts are stated in the opinion. Judgment for plaintiff, *Hawley,* at the April term, 1888. The defendant *Company* brings the case to this court.

*N. B. Carskadon*, for plaintiff in error.

*J. C. Ellis*, for defendant in error.

Opinion by GREEN, C.: On the 2d day of September, 1887, Maria P. Hawley received from an agent of the Kansas Farmers' Fire Insurance Company a policy of insurance, issued by said company for one year, upon her residence and household goods, situated in the town of Cullison, in Pratt county, for $1,050 upon her dwelling-house, and $750 upon the household goods, etc., in said house. On the night of the 28th of September following, the building, with most of its contents, was destroyed by fire. Suit was brought against the insurance company upon the policy, and a judgment was recovered for $1,800. To reverse this judgment, the plaintiff in error has brought this proceeding in error.

The first point we are asked to consider is the testimony of the plaintiff below as to the value of the articles set forth in the exhibit attached to the plaintiff's petition. The plaintiff stated that the list represented the articles lost in the fire and their value. The question was then asked at what time, and she answered: "I think at the time of the fire." This was objected to as incompetent, and the objection overruled. The witness was then asked to call over these articles and testify as to the value of each item at the time of the fire. This question was objected to as leading. We see no error in this. It is now claimed that the witness had no knowledge of the value of the articles enumerated. The objection did not properly raise the question. Besides, the question of the value of the property mentioned in the schedule was peculiarly within the knowledge of the plaintiff; it was not such a class of property as could be said to have a market value. If the owner could not be allowed to fix a valuation, it would be very difficult to furnish evidence as to the value of such household goods and wearing apparel as persons usually keep in residences.

It is next insisted that the court erred in permitting the plaintiff to introduce evidence as to a conversation between

the plaintiff and a soliciting agent of the defendant. The statement claimed to have been made by the agent was not prejudicial error. He was asked about the goods rescued from the fire, and said to the plaintiff: "Make yourself comfortable; you will have a week or 10 days to make out a list, and in that time you will probably remember most of the things." The evidence did not prejudice the rights of the defendant.

The plaintiff in error complains of the admission of the evidence of the son of the plaintiff, in regard to the contents of the proof of loss, without having laid any foundation for the admission of such secondary evidence. The question was: "State the form you put the statement in; state the form of the proof of loss." The objection was made "that the proof of loss speaks for itself." We think the question was a proper one. The plaintiff had a right to show in what manner proof was made. The answer was, perhaps, objectionable, but no motion was made to strike it out. If the answer was objectionable, the remedy was by motion to strike out such portion as was not responsive to the question asked. (*City of Atchison v. Rose*, 43 Kas. 605, and authorities there cited.)

It is contended that the court erred in permitting the plaintiff to prove a conversation with the agent who took the application. We see no material error in the evidence. The evidence indicated what the insured wanted covered by the insurance policy, and was not intended to change or enlarge the terms of the policy. As to the cross-examination of the agent, we think his direct examination authorized the questions complained of. He had been asked upon his examination in chief what statements or representations he made to the plaintiff or her son, at the time he took the application, and it was proper for the plaintiff to question him upon all matters brought out on his direct examination. The evidence could not have had the effect to avoid the clause in the policy that the company should not be bound by any act or statement of the agent, and evidently was not introduced for that purpose, but was only a part of the legitimate cross-examination of the witness.

Our attention is next called to the ruling of the trial court in admitting the statements of the plaintiff and her son, that they had no knowledge of any incumbrance upon the property at the time the application was made. The plaintiff in error sought to avoid the payment of the policy, by showing that the plaintiff, in her application for the insurance, made the statement that the property was not incumbered, when, in fact, there was a mechanics' lien upon it. The defendant had introduced evidence to show that there was a mechanics' lien filed against this property upon the 25th day of August, 1887, for the sum of $203.52. We think the evidence was immaterial. The defendant did not prove when the application was made, and it seems, from the special findings returned, that the jury could not determine whether there was any incumbrance upon the property at the time the application was made, for the reason that it was not dated.

Complaint is made that the court below tried this case upon the theory that the statements in the application must not only have been false, but that such knowledge must be brought home to the plaintiff; and our attention is called to the instructions of the court. We cannot consider this assignment of error, for the reason that no exceptions were taken to the instructions or any portion of them. Instructions not excepted to will not be reviewed. (*Mercantile Co. v. Fullam*, 43 Kas. 181; *Gafford v. Hall*, 39 id. 166.)

The last assignment of error is the answer returned by the jury to the third special question submitted to them by the defendant below, as to the value of the house insured, exclusive of the lots, at the time the plaintiff made application for the insurance. The answer was, about $1,200. We do not think this such an error as would justify a reversal of the judgment. Five special questions were submitted by each party, and, we think, answered intelligently.

The judgment should be affirmed.

By the Court: It is so ordered.

All the Justices concurring.