ELLA B. WILSON v. J. B. JONES.

1. INSTRUCTIONS — *When no Review.*   Instructions not excepted to cannot be examined and reviewed in this court.

2. EVIDENCE — *No Substantial Error.*   Assignments of error based upon the rejection of certain evidence offered by the defendant below examined, and found that no substantial error was committed by the trial court.

*Error from Labette District Court.*

ACTION by *Jones* against *Wilson* to enforce a mechanic's lien.   Judgment for plaintiff, at the February term, 1889. The defendant comes to this court.

*Martin & Keeler*, for plaintiff in error.

Opinion by GREEN, C.: This was an action to recover the sum of $365 for work and labor alleged to have been per-

formed under a written contract with the defendant below for the erection of a house and out-buildings, and to foreclose a mechanic's lien. The defendant answered that the buildings were not constructed in a workmanlike manner, that the windows were not of the size and dimensions furnished, but were exchanged for smaller ones, and were worth $25 less than the windows furnished; that the house was out of plumb; that the plaintiff had used material in the building which was wholly unnecessary and caused the defendant to pay for material not used, to her damage in the sum of $50; that the out-buildings mentioned in the contract were not of the style, material and workmanship required by the contract, and asked damages for $500. The plaintiff denied generally the allegations of the answer. The action was tried by the court and a jury, and a verdict was rendered in favor of the plaintiff for the full amount claimed in his petition. The defendant filed a motion for a new trial, which was overruled, and she now asks a reversal of the judgment, first, upon the ground that the instructions of the court were confusing and misleading; second, that the court erred in the rejection of testimony offered.

The first assignment of error we cannot consider. The record fails to show any exception to the entire charge of the court or to any portion of it. This is necessary to obtain a review in this court. (*Insurance Co. v. Hawley*, 46 Kas. 746.)

The second assignment of error is the rejection of evidence offered by the defendant below, and our attention is called to the effort upon the part of the plaintiff in error to establish the fact that the written agreement did not contain all that was agreed upon between the parties; that there were verbal conversations respecting the details of the work at the time the written contract was signed, which were intended by the parties to become a part of the contract, because it contained the words "as already designated" at the conclusion of each paragraph, but really failed to specify anything as to the details of the work except that the plaintiff below was to construct a building of certain dimensions and connect it with

another building, but did not designate when or how the work was to be done. It is unfortunate for the plaintiff in error that the written contract was so general, indefinite, and loosely drawn, but there is not such a state of facts exhibited in the record as would warrant us in varying from the well-established rule that a contemporaneous parol agreement cannot change, modify or enlarge a written contract. It is urged that the defendant was not permitted to show fully the character of the work upon the building. We have carefully examined this portion of the record, and while it is true that some evidence may have been rejected which was competent, yet it does appear that the witness was afterward permitted to go on and state quite fully how the house was constructed, and that the workmanship was not good in all parts of the building. We do not think the plaintiff in error was prejudiced, or that the court committed material error in excluding the evidence of which complaint is made.

Our attention is finally called to the refusal of the court to permit evidence to go to the jury as to the value of the carpenter work upon the building. We do not think this was material error. The plaintiff sued for the amount specified in his contract. The defendant admitted that she had agreed to pay the plaintiff the sum of $365 upon the performance of the work, but alleged that the work was not done in a good and workmanlike manner. As the case was tried and submitted to the jury by the court, we do not think the evidence as to the value of carpenter work performed upon the building was material.

An affirmance of the judgment is recommended.

By the Court: It is so ordered.

All the Justices concurring.