HARRY F. PAULTON *et al. vs.* B. F. KEITH.

PROVIDENCE—JULY 9, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Agency.   Evidence.   Proof of Agency by Admissions of Agent.   Res gestæ.*

An officer charged with the service of a writ entered the outside door of the rear part of a theatre, where he was met by the manager, with two other men, who stood against the door to the stage and refused to allow the officer to enter it.   In an action against the principal to recover damages upon the ground that his agent prevented the service of the writ :—

*Held,* that as there could be no inference of authority as a matter of law from the principal to his agent to do the act complained of, and as there was no evidence of express authority, declarations of the agent were inadmissible to prove his agency.

(2) *Service of Process.   Breaking Inner Doors.*

*Held,* further, that as the building was not a dwelling-house, and the officer had entered the outer door, he had the right under a valid precept, to break doors and command sufficient force to enter, having requested admittance which had been refused; hence the cause of plaintiff's injury, if any, was the failure of the officer to serve his process.

TRESPASS ON THE CASE.   The facts are fully stated in the opinion.   Heard on petition of plaintiff for new trial.   Petition denied.

STINESS, C. J.   The plaintiffs brought this suit against the defendant, the proprietor of a theatre in Providence, to recover damages upon the charge that the defendant's manager prevented an officer from serving a writ in their behalf upon an actor engaged in said theatre.

(1)   The evidence showed that the officer, with another officer and the plaintiff's attorney, entered the outside door of the rear part of the theatre, where they were met by the manager, with two other men, who stood against the door to the stage and refused to allow the officers to enter it.   The employment of the manager by this defendant was admitted, but

no authority from him to refuse admission to the officer was shown, other than the officer's testimony that the manager said that he was acting under the direction of the defendant. This testimony was objected to; but after the plaintiff's case was in, the court directed a verdict for the defendant, and the plaintiffs ask for a new trial on the ground of error in such direction.

It is a general rule that the declarations of a person assuming to act as the agent of another are not admissible to prove his agency. He may be called as a witness to state what orders he has received, and upon that point he would be subject to cross-examination, from which a limitation of his authority might appear. But to allow his statement to others upon a vital point as to which he cannot be cross-examined is, obviously, hearsay testimony and contrary to the well-settled rules of evidence.

The plaintiffs do not controvert this rule, but they claim to be within this qualification of it; that when the agent is acting within the scope of his authority and during the continuance of the agency, his declarations may be given, as to matters then occurring, as a part of the *res gestœ.*

The question presented in this case, therefore, is whether the manager, in refusing entrance to the officer, was acting within the apparent scope and implied authority of his employment.

The plaintiffs argue that the defendant is liable by analogy to cases such as these: If the manager had assaulted a patron of the theatre and wrongfully ejected him; if a conductor of a street-car or steam train should assault a passenger and put him off without right to do so; if a motorman should run his car at an unlawful speed and injure a passenger or a traveler upon the street; the master would be liable. Doubtless this is so, but upon very different principles from any which are applicable to this case. In the cases supposed, a proprietor of a theatre and a company running cars are held to guarantee some protection to their patrons and to assume a liability if employees, either willfully or negligently, injure them; and a motorman, engaged in his proper duties of run-

ning a car, carries with him, like the driver of a horse, the master's responsibility that it shall not be driven wrongfully upon another. As to a master's responsibility to others for a willful act by his servant, there has been some conflict in decisions. In many cases it has been held that a master is responsible for the torts of his servant, done with a view to the furtherance of the master's business, whether the same be done negligently, wantonly, or even willfully, but within the scope of his employment, 14 Am. & Eng. Ency. Law, 1 ed. 817, n. 3 ; but we need not examine those cases, because the controlling question before us is that of the agent's authority.

In *Staples* v. *Schmid*, 18 R. I. 224, this subject was carefully considered, and one of the principles recognized in determining liability was that it cannot be inferred as matter of law that a master has authorized his servant to do an act which he could not lawfully do himself in the circumstances supposed by the servant to exist. In that case the proprietor of a store was held to be liable to a customer whose arrest the defendant's salesman and custodian had caused on a wrongful suspicion of stealing goods from the store. The court said that the master would have no right to arrest and search an innocent person, but that he had the right to detain a thief and to recapture his property from him. Hence the act of the servant might be lawful or unlawful, according to the facts. As the master's substitute he had to make a decision of his duty, which, as to third persons, was the master's act, for which he was answerable either for excess of force or mistake in regard to the occasion for it. In the present case it could not be lawful for the defendant to obstruct an officer in the discharge of his duty, in any event, if the refusal of admission amounted to obstruction, and so it could not be lawful for his servant to do so.

The cases relied on by the plaintiffs, so far as they support them, are based upon lawful authority to a servant to do the act from which the injury arose and upon an excess of force or bad judgment in doing it. This is clearly right. If one employs another to do a certain thing as his servant, retain-

ing the right of control, oversight, and discretion in the performance of the act—the servant acting in place of the master and not independently—the master is responsible for the way in which the thing is done. But it is a very different thing to hold a master responsible for an act which he has never authorized a servant to do, simply because the latter is his servant, and on the strength of it to allow the statements of the servant to be put in to bind the principal.

The plaintiffs' claim goes to this extent, but the cases cited do not. In *Rounds* v. *Delaware Co.*, 64 N. Y. 129, the action was for kicking a boy off a baggage-car by a brakeman. It was conceded that the removal of the plaintiff, who was a trespasser, was within the scope of the brakeman's authority, and hence the company was held to be liable for the injury caused by exercising that authority improperly by kicking the boy off against a wood-pile, from which he fell back under the cars.

*Hoffmann* v. *N. Y. Central*, 87 N. Y. 25, was to the same effect, the court saying : " The authority to remove the plaintiff from the car was vested in the defendant's servants. The wrong consisted in the time and mode of exercising it. For this the defendant is responsible, unless the brakeman used his authority as a mere cover for accomplishing an independent and wrongful purpose of his own."

In *Adams* v. *Hannibal*, 74 Mo. 553, the question was whether the statements of the fireman and engineer of a railway train were admissible in evidence in an action against a railroad company for negligence, and the court held that they were not.

*Hynes* v. *Jungren*, 8 Kan. 391, was a suit for false imprisonment in which the plaintiff in the original case, together with the constable serving the writ, carried the defendant in the original writ to the county jail and kept him there for a part of a day before taking him before the justice as required by the precept. In that case the principal was an active participant in the wrong.

In *Cantrell* v. *Colwell*, 40 Tenn. (3 Head) 471, Mrs. Cantrell requested a relative to turn Colwell's mare out of her

enclosure. In doing so he threw a rock at the mare and broke its leg. The court held that a request to turn out the mare could not be tortured to imply a request to injure or destroy it.

In the case at bar, there being no inference of authority as a matter of law from the defendant to his servant to do the act here complained of, and no evidence of express authority, the statements of the servant were inadmissible, and, there being no other evidence of authority, the direction of a verdict for the defendant was right.

The verdict was also rightly directed upon another ground. (2) The building in which the affair took place was not a dwelling-house, and the officer had entered the outer door. If he had a valid precept he had the right to break doors and command sufficient force to enter, having requested admittance, which had been refused. *Clark* v. *Wilson*, 14 R. I. 11. The cause of the plaintiffs' injury, if any, was not the refusal of the defendant's servant to allow the officer to enter, but the failure of the officer to serve his process as he might and should have done.

To this may be added the fact that the plaintiffs offered no proof of the judgment set out in their declaration, nor any evidence to show that they had suffered any pecuniary loss in the case. On the contrary, the defendant put in a discharge in bankruptcy of Seabrooke, the defendant in the original writ, subsequent to the plaintiffs' judgment, to show that the plaintiffs had no right of action against him and consequently had suffered no damage.

The petition for a new trial is denied, and case remitted with direction to enter judgment for the defendant.

*James A. Williams*, for plaintiffs.

*Edwards & Angell*, for defendant.