ADAMS EXPRESS CO. v. LANSBURGH & BRO.

(Court of Appeals of District of Columbia. Submitted November 4, 1919. Decided January 5, 1920.)

No. 3263.

MASTER AND SERVANT ☞305—HELPER MOVING AUTOMOBILE TRUCK CONTRARY TO INSTRUCTIONS ENGAGED IN SCOPE OF EMPLOYMENT.

A helper on defendant's automobile truck, standing near plaintiff's place of business during the driver's temporary absence, *held* engaged in the scope of his employment when he moved the truck at a third party's request, so as to render defendant liable for the negligent knocking over of a lamp post, which broke plaintiff's window, although defendant had explicitly instructed the helper not to drive the truck.

Appeal from the Supreme Court of the District of Columbia.

Action by Lansburgh & Bro., a corporation, to the use of the Home Plate Glass Insurance Company, against the Adams Express Company. Judgment for plaintiff, and defendant appeals. Affirmed.

M. W. King and L. Koenigsberger, both of Washington, D. C. (Eugene Young and Morris Simon, both of Washington, D. C., on the brief), for appellant.

W. H. Holloway, of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District for the plaintiff, appellee here, for damages resulting from the breaking of a plate glass window by the negligence of an employé of the defendant, appellant here, in operating defendant's automobile.

The case was tried by the court without a jury upon an agreed statement of facts to the following effect: An electric automobile truck, belonging to and in use by the defendant company in the conduct of its express business, was standing at the curb about 120 feet from plaintiff's place of business in this city. The driver of the truck had temporarily left it "to make certain deliveries." Prior to leaving he had removed the starting key and placed it under the front seat of the truck. During the absence of the driver a third person requested the "helper" to move the truck, that the person in question might gain entrance to a point opposite plaintiff's place of business, which he knew to be the next stopping place on the route. When that place was reached, a lamp post was knocked over and against plaintiff's plate glass window, through the negligent handling of the truck. At the time of the accident the helper was in the employ of the defendant company, and wore a cap with "Adams Express Company" on it, "but had been expressly forbidden to drive or operate machines of said express company." These instructions were given him personally, numerous signs and notices were posted at defendant's warehouse to the same effect, and the rule books furnished all employés forbade the driving or operating of machines by helpers. This helper had not previously served on this particular route, but had served as helper with other drivers on trucks owned and operated by the defendant company. Just what were the duties of a helper does not appear.

The question for determination is whether, under the admitted facts, it may be said that the act of the helper was within the general scope of his employment. In Axman v. Washington Gaslight Co., 38 App. D. C. 150, the decisions upon this question were quite carefully reviewed, and the conclusion reached that the true test in measuring the principal's responsibility is whether the act of the agent was done in the prosecution of the business either impliedly or expressly intrusted to the agent by the principal. Public policy requires that the principal be held liable for what his agent does or omits doing in conducting the business of the principal, for the principal has voluntarily substituted for his personal management and supervision that of the agent. It would be difficult, if not impossible, precisely to define the meaning of "scope of employment," for the character of the employment and the nature of the wrongful act in the given case must be considered. It has been held that expressions equivalent to "scope of employment" are: "Line of duty," Isaacs v. Third Ave. R. Co., 47 N. Y. 122, 7 Am. Rep. 418; "in the employer's service," Adams v. Cost, 62 Md. 264, 50 Am. Rep. 211, and Slater v. Advance Thresher Co., 97 Minn. 305, 107 N. W. 133, 5 L. R. A. (N. S.) 598; "course of service," Ephland v. Mo. Pac. R. Co., 137 Mo. 187, 37 S. W. 820, 38 S. W. 926, 35 L. R. A. 107, 59 Am. St. Rep. 498; "transaction of the employer's business," Cobb v. Simon, 119 Wis. 597, 97 N. W. 276, 100 Am. St. Rep. 909; "furtherance of the employer's interests," Paulton v. Keith, 23 R. I. 164, 49 Atl. 635, 54 L. R. A. 670, 91 Am. St. Rep. 624, and Smith v. Causey, 28 Ala. 655, 65 Am. Dec. 372; "protection of employer's property," West Jersey R. Co. v. Welsh, 62 N. J. Law, 655, 42 Atl. 736, 72 Am. St. Rep. 659. And there is substantial unanimity of opinion that the principal may be held accountable for the wrongful act of the agent within the scope of his employment, although forbidden by the principal. Axman v. Washington Gaslight Co., 38 App. D. C. 150; Palmer v. St. Albans, 60 Vt. 427, 13 Atl. 569, 6 Am. St. Rep. 125; McCann v. Consolidated Traction Co., 59 N. J. Law, 481, 36 Atl. 888, 38 L. R. A. 236; Consolidated Ice Mach. Co. v. Keifer, 134 Ill. 481, 25 N. E. 799, 10 L. R. A. 696, 23 Am. St. Rep. 688; Engel v. Smith, 82 Mich. 1, 46 N. W. 21, 21 Am. St. Rep. 549; McClung v. Dearborne, 134 Pa. 396, 19 Atl. 698, 8 L. R. A. 204, 19 Am. St. Rep. 708; Moses v. Mathews, 95 Neb. 672, 146 N. W. 920, Ann. Cas. 1915A, 698. In Duggins v. Watson, 15 Ark. 118, 60 Am. Dec. 560, the court pertinently observed that, if disobedience of instructions by an agent will exonerate the principal, the rule of respondeat superior, designed for the protection of innocent third persons, virtually will be abrogated.

A helper, according to the Century Dictionary, is:

"One who helps, aids, or assists; specifically, one who is employed as assistant to another in doing some kind of work."

It results, therefore, that the helper in the present instance was the assistant of the driver in delivering and collecting packages for the defendant. The truck was a necessary instrument in carrying out that purpose, and it is a reasonable inference that, when the driver left the truck to make a delivery, the helper was left in charge. At the moment he was the sole representative of the defendant, and, when he under-

took to drive the truck to the next stopping place, he certainly was furthering the business of the principal in the particular work in which he was engaged as helper. He represented the principal and no one else. True, his specific instructions did not contemplate such an act; but it is equally true that the act was within the general scope of his employment. Defendant attaches importance to the fact that the key was removed by the driver and placed under the seat of the truck. It is quite apparent, however, that this precaution was taken against strangers, and not against the helper, who had knowledge of what had been done, as evidenced by his act in removing the key. Indeed, this circumstance is not at all helpful to the defendant, for, had the driver really intended to prevent the operation of the truck by his helper, he would have put the key in his pocket, instead of leaving it within easy reach of the helper. If the policy of the defendant company be not to permit helpers in any circumstances to drive its trucks, it should employ helpers who will obey instructions. Certainly the public ought not to suffer the consequences of disobedience, where, as here, the helper or assistant is acting within the general scope of his employment and in direct furtherance of the business of the principal.

The judgment is affirmed, with costs.

Affirmed.